IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANDREW P. ZUTIS, JR.,

    Plaintiff,

  v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security Administration,

    Defendant.

No. C 12-01897 WHA

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES AND VACATING HEARING**

In this social security appeal, Attorney Harvey P. Sackett, counsel for plaintiff Andrew P. Zutis, Jr., moves for an award of attorney's fees pursuant to 42 U.S.C. 406(b). For the reasons stated herein, Attorney Sackett's motion is **GRANTED**.

Zutis applied for Social Security disability insurance and was denied twice. Eventually, an administrative law judge rendered a partially-favorable decision resulting in $12,123.00 in retroactive benefits. The Appeals Council affirmed the ALJ's decision. Zutis subsequently filed an appeal of that decision in federal court in April 2012. In October 2012, the parties' stipulation to remand for further administrative proceedings was approved (Dkt. No. 18). Following remand, an ALJ rendered a fully-favorable decision, resulting in an additional $60,317.00 in retroactive benefits. Thus Zutis received a total of $72,440.00 in past-due benefits.

Attorney Sackett represented Zutis in both administrative hearings and his court appearance. Attorney Sackett and Zutis entered a contingent-fee agreement pursuant to which Attorney Sackett would retain 25% of past-due benefits if Zutis "receive[d] a favorable decision at any time following an unfavorable or partially favorable administrative law judge decision

either at any administrative level or at the judicial level" (Mot., Exh. C). SSA approved the fee agreement (Mot., Exh. A).

Attorney's fees for successful representation of Social Security disability claimants is governed by 42 U.S.C. 406. Section 406(a) governs attorney's fees for successful representation in administrative proceedings. Such fees are awarded by the Commissioner of Social Security. Section 406(b) governs attorney's fees for successful representation in court. Such fees are awarded by the court. In the present case, the Commissioner previously awarded Sackett $9,030.75 in attorney's fees under Section 406(a) for work done in obtaining both partially- and fully-favorable decisions. Attorney Sackett now moves for an award of attorney's fees under Section 406(b) in the amount of $9,079.00 — the balance of the 25% past-due contingency fee. Neither Zutis nor the Commissioner oppose the attorney's fees motion. As Attorney Sackett recognizes, the requested amount would be offset by a previously-approved EAJA payment of $5,250.00, for a net fee of $3,829.00. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("[A]n EAJA award offsets an award under Section 406(b)[.]") .

\*       \*       \*

Section 406(b) of Title II of the Social Security Act provides that a court may award a reasonable attorney's fees for successful representation "not in excess of 25 percent of the total past-due benefits[.]" Section 406(b) is read broadly "to include all 'substantial work done before the court' even when the attorney's work results only in a remand to the agency . . . so long as the 'claimant eventually is awarded past-due benefits, whether at the agency level or during further judicial proceedings.'" *Parrish v. Commissioner of Social Sec. Admin.*, 698 F.3d 1215, 1221 (9th Cir. 2012) (quoting *McGraw v. Barnhart*, 450 F.3d 493, 502 (10th Cir. 2006)). In *Gisbrecht*, 535 U.S. at 807, the Supreme Court held that Section 406(b) "calls for court review of [contingent-fee arrangements] as an independent check, to assure that they yield reasonable results[.]" Our court of appeals look to factors such as quality of representation, excessive delay causing undue accumulation of past-due benefits, and potential windfall fees in determining reasonableness. *See Crawford v. Astrue*, 586 F.3d 1142, 1151-52 (9th Cir. 2009) (referring to factors considered in *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)).

In the present case, Attorney Sackett appealed the partially-favorable decision on behalf of Zutis, and the action was remanded to SSA. Following remand, an ALJ issued a fully-favorable decision and awarded additional past-due benefits. As such, Attorney Sackett is entitled to attorney's fees for services performed in court that resulted in the successful claim. Although Attorney Sackett's motion for attorney's fees comes approximately seven months after SSA sent Zutis the Notice of Award, this will be considered within reasonable time. Section 406(b) does not specify a time deadline for motions for attorney's fees, and our court of appeals has not addressed this issue of timeliness. This slight delay has not affected Zutis or caused any undue burden, so the motion will be considered timely.

Attorney Sackett's requested fee is also reasonable. *First*, the request is made pursuant to a 25% contingent-fee agreement between himself and Zutis. There is no evidence of fraud or overreaching in making the contingent-fee agreement. Furthermore, the record indicates high-quality representation by Attorney Sackett (*See* Zutis Decl. ¶ 5). *Second*, Attorney Sackett did not cause any undue delay so that past-due benefits could accumulate. *Third*, the requested fee is not excessively large compared to the attained benefits. Attorney Sackett expended 28.35 hours in representing this matter in court, resulting in a $320.30 requested hourly rate (Mot., Exh. E). This included reasonable time spent preparing Zutis's complaint and motion for summary judgment. The requested contingency fee reflects the substantial risk of loss Attorney Sackett assumed, as Zutis's application had already been denied in whole or in part at four levels of SSA review before he commenced this suit. The requested amount will also be significantly offset by the EAJA award that Attorney Sackett has already received. Furthermore, Attorney Sackett will not receive any percentage of future benefits paid to Zutis, which are likely to be substantial. Thus, Attorney Sackett is awarded $9,079.00, subject to the credit of $5,250.00, for a net fee award of $3,829.00. The hearing on the motion previously set for June 18, 2015 is **VACATED**.

**IT IS SO ORDERED.**

Dated: June 16, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3